NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0336n.06

No. 25-5594

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 27, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) | |
| SABRINA GARCIA, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: CLAY, GIBBONS, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Sabrina Garcia pleaded guilty to one firearm and one drug charge. As part of her plea agreement, she waived her right to appeal her sentence. The district court sentenced her to a below-Guidelines sentence of 30 months' imprisonment. On appeal, she contends that she received ineffective assistance of counsel at sentencing, a claim which her appellate waiver does not bar. But her ineffective assistance claim is premature and the other challenges she cloaks as ineffective assistance claims are barred. Accordingly, we dismiss her ineffective assistance claim without prejudice and otherwise affirm her sentence.

In 2024, Garcia pleaded guilty to possessing a firearm as a user or addict of a controlled substance and possessing a controlled substance with intent to distribute. *See* 18 U.S.C. § 922(g)(3); 21 U.S.C. § 841(a)(1). Garcia agreed to plead guilty and the government agreed to dismiss a charge that would have carried a five-year minimum consecutive sentence. As part of the agreement, Garcia also waived her right to appeal her sentence, provided that the district court grant the government's request to drop that remaining charge. And it did. By its terms, Garcia's

appellate waiver does not apply to claims of involuntariness of her plea, prosecutorial misconduct, or ineffective assistance of counsel.

At sentencing, Garcia's counsel requested a noncustodial sentence. Both parties and the district court agreed that the applicable Guidelines range was 57 to 71 months' imprisonment. But Garcia's counsel argued that her history of trauma and various neurological and physical difficulties warranted an alternative approach. Garcia has not had an easy life, to say the least. As her sentencing memoranda and the psychological evaluation reports appended to the presentence report detailed, Garcia has a significant history of abuse and trauma, dating back to childhood; she dropped out of high school after struggling with a learning disability; and she currently suffers from substance-abuse disorder, a seizure disorder, and various mental health issues. Despite these challenges, Garcia has helped raise her three children, who are succeeding in school, and has earned multiple professional certificates to increase her employment opportunities. At the sentencing hearing, the district court heard testimony regarding these challenges and successes from Garcia's mother. Together, her counsel argued, this history of trauma, along with neurological and physical difficulties, explain why Garcia's history and characteristics justified a minimal sentence. *See* 18 U.S.C. § 3553(a)(1).

After hearing testimony and the parties' arguments, the district court sentenced Garcia to 30 months' imprisonment—a 27-month downward variance from the low end of the Guidelines range. While the district court did not agree that all of Garcia's mitigating factors justified a downward variance, it did discuss each of them. And it relied on this mitigation to cut Garcia's Guidelines sentence nearly in half. Garcia timely appealed this sentence.

Garcia contends that she received ineffective assistance of counsel at sentencing. We generally do not review claims of ineffective assistance of counsel raised for the first time on direct

appeal. *See United States v. Crosgrove*, 637 F.3d 646, 663 (6th Cir. 2011). Garcia argues this is the exceptional case where the record is sufficiently developed to do so. *See id.* But she has not identified specific conduct that her counsel should have engaged in, or refrained from, to demonstrate deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). Nor has she explained how there would be a reasonable probability of an even shorter sentence had her counsel acted differently. *See id.* at 691–94. Instead, she faults her counsel because the district court, in her view, did not properly weigh the mitigating factors. But ineffective assistance of counsel requires more than claiming error by the district court; it requires the defendant to identify specific failures by their counsel that led to any alleged error. *Id.* at 690. Garcia points to none and instead rests on conclusory statements that her counsel was ineffective. "[C]onclusory assertions of ineffective assistance are not adequate" to justify review on direct appeal, so we decline her request to review this claim now. *Crosgrove*, 637 F.3d at 663.

In the guise of an ineffective assistance claim, Garcia also appears to challenge the procedural and substantive reasonableness of the district court's pronounced sentence. For instance, she argues that the district court failed to meaningfully engage with her mitigating factors. However, to the extent Garcia challenges the procedural and substantive reasonableness of her sentence in this appeal, her plea agreement bars her from doing so.

Because of her appellate waiver, we will not entertain Garcia's procedural and substantive reasonableness attacks on her sentence unless she demonstrates that this waiver "was not knowing and voluntary," *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017), or that enforcing it would amount to a miscarriage of justice, *see Hunter v. United States*, 608 U.S. ---, 2026 WL 1751815, at *5 (2026). Garcia does not challenge the knowing and voluntary nature of her waiver. Nor does she argue that a miscarriage of justice would result from enforcing it. Therefore, Garcia's

appellate waiver bars us from reviewing the merits of any procedural or substantive reasonableness challenge she intended to press.

We dismiss Garcia's ineffective assistance of counsel claim without prejudice and otherwise affirm her sentence.